# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

XZANDRE SILLAS,

                Petitioner,

v.

WILLIAM POLLARD,

                Respondent.

Case No. 18-CV-535-JPS

**ORDER**

On April 5, 2018, Petitioner Xzandre Sillas ("Sillas") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court convictions and sentence were imposed in violation of the Constitution. (Docket #1). In 1996, after proceeding to trial in Milwaukee County Circuit Court, Sillas was convicted of three counts of kidnapping and three counts of sexual assault. *Id.* at 2. He was sentenced to 210 years' imprisonment. *Id.* Sillas did not file a direct appeal of his convictions or sentence.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Sillas' petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Sillas' petition presents an enormous timeliness problem. Sillas' sentence was imposed on September 27, 1996. (Docket #1 at 2). In the absence of an appeal, his conviction became final on November 26, 1996. *See* Wis. Stat. §§ 974.02, 809.30(h). Thus, Sillas' Section 2254 limitations period began to run as of that date. Sillas' instant petition was filed more than twenty years after the limitations period expired. Sillas did file a motion for post-conviction relief, but not until November 16, 2014. (Docket #1 at 4). Such a motion can toll the expiration of the statute of limitations, but it does not restart the clock. *Graham v. Borgen*, 483 F.3d 475, 477 (7th Cir. 2007). In other words, Sillas' one-year window closed long before his post-conviction motion was filed, so there was nothing for the motion to toll.

Though Sillas appears to have missed his deadline for filing his petition, that does not end the Court's analysis. There are two common-law exceptions that still might apply to render Sillas' petition timely: the "actual innocence" gateway and equitable tolling. The actual innocence gateway allows excuse of a procedural default when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome

of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). In other words, to be entitled to the actual innocence gateway, Sillas must show that new evidence makes it unlikely that he would have been found guilty. *Id.* at 896.

The second potential exception is "equitable tolling." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008)) (internal quotation marks omitted). Though it seems impossible that Sillas could have an excuse for such a delayed filing, the Court of Appeals cautions against dismissing a case on timeliness grounds without eliciting argument from the parties. *See, e.g., Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004) ("it is difficult to conceive of a situation where a claim of equitable tolling would be clear on the face of the petition," thus, it is generally accepted that the Court should not dismiss a petition *sua sponte* on timeliness grounds, without input from the parties; also noting that the limitations period of 28 U.S.C. § 2244 "is an affirmative defense, [which] the state has the burden of" proving) (citing *Acosta v. Artuz*, 221 F.3d 117, 121–22 (2d Cir. 2000); *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J. concurring)); *see also Ray*, 700 F.3d at 1006.

Because of the nigh-insurmountable procedural hurdle Sillas' petition faces, the Court will order briefing on the statute of limitations issue prior to any argument on the merits of the case.

However, before the parties begin briefing the timeliness issue, one other issue must be addressed. Sillas has not paid the mandatory $5.00 filing fee owed in this matter. Instead, he has requested leave to proceed without prepayment of the $5.00 filing fee. (Docket #2). His prison trust account statement, *see* (Docket #3), reveals that Sillas can afford the filing fee, and therefore the Court will deny his petition to proceed without prepaying that fee.

The Court will order that Sillas pay the $5.00 filing fee within twenty-one (21) days of the entry of this Order. If Sillas does not pay the fee, this case will be dismissed without further notice. If Sillas pays the fee, the Court will enter an order directing the parties to file briefs regarding the timeliness of Sillas' petition.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, on or before **twenty-one (21) days from the entry of this Order**, Petitioner shall pay the $5.00 filing fee owed in this matter. Failure to pay the filing fee will result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2018.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge