# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| XZANDRE SILLAS,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM J. POLLARD,<br><br>    Respondent. | Case No. 18-CV-535-JPS<br><br>**ORDER** |

The Court screened Petitioner Xzandre Sillas' ("Sillas") petition on July 6, 2018. (Docket #7). The Court noted that it appeared almost certain that Price's petition was filed beyond the applicable statute of limitations. *Id.* at 2–3. It thereafter ordered briefing on the timeliness issue. (Docket #8). That briefing is now complete. (Respondent's Opening Brief, Docket #11; Petitioner's Response, Docket #12; Respondent's Reply, Docket #13). For the reasons explained below, the Court's suspicion was correct—Sillas' petition is untimely and must be denied.

In 1996, after proceeding to trial in Milwaukee County Circuit Court, Sillas was convicted of three counts of kidnapping and three counts of sexual assault. (Docket #1 at 2). He was sentenced to 210 years' imprisonment. *Id.* Sillas did not file a direct appeal of his convictions or sentence by the deadline set by the Wisconsin Court of Appeals, December 1, 1997. *Id.* at 2–3; (Docket #11-1 at 33). Sillas eventually filed a post-conviction motion in November 2014, which made its way through the Wisconsin court system, and was finally denied certiorari review by the U.S. Supreme Court in October 2017. *Id.* at 4–6. Sillas filed his federal habeas petition on April 5, 2018. *Id.*

As explained in the Court's screening order, state prisoners seeking federal habeas review have one year from the date their judgment of conviction became final to file their petition. 28 U.S.C. § 2244(d)(1). A judgment is "final" under this rule at "the conclusion of direct review [in the state appellate courts] or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A); *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). This includes the ninety-day period allowed for filing a petition for writ of certiorari with the U.S. Supreme Court. *Ray*, 700 F.3d at 1003. Sillas' conviction became final on December 1, 1997, when his time to appeal expired. He was thus required to file his federal habeas petition on or before December 1, 1998. It came just over twenty years too late.

Sillas' arguments to the contrary are meritless. First, buried in a confusing and circular line of reasoning, Sillas seems to suggest that the October 2017 disposition of his post-conviction motion was the true starting point for his one-year filing period. (Docket #12 at 1–3). He believes that the post-conviction motion qualifies as "direct review" for the purposes of Section 2244(d)(1)(A). This argument has already been squarely rejected by the Court of Appeals. *Graham v. Borgen*, 483 F.3d 475, 478–80 (7th Cir. 2007). Sillas failed to invoke any form of direct review by the December 1, 1997 deadline.

Second, Sillas seeks application of the doctrine of equitable tolling. Equitable tolling can excuse an untimely petition if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This is "a highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case

basis." *Id.* at 684 (quotations omitted). "[T]he threshold necessary to trigger equitable tolling is very high," and it is "an extraordinary remedy [which] is rarely granted." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013).

Even where it applies, equitable tolling can only offer a "brief extension of time during which a late filing will be accepted." *Gray v. Zatecky*, 865 F.3d 909, 912 (7th Cir. 2017). The Seventh Circuit has held that a petition which was just two months late could not be saved by equitable tolling. *Gladney v. Pollard*, 799 F.3d 889, 894–95 (7th Cir. 2015). The Court finds that Sillas' twenty-year delay, by itself, almost completely closes the door on his request for equitable tolling. Any sliver of viability is destroyed by Sillas' lack of diligence. Sillas contends that he exercised diligence in pursuing his rights, such as contacting attorneys in 2002, 2003, and 2012, and seeking legal assistance from other inmates. (Docket #11-1 at 34–43). Even taking these statements as true, they also fail to account for enormous diligence-free gaps between December 1997 and April 2018.

In sum, Sillas' petition is untimely and he has not carried his burden to forgive that fact via equitable relief. His petition must, therefore, be denied. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Sillas must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted).

Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Sillas' petition.

Finally, the Court closes with some information about the actions that Sillas may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner Xzandre Sillas' petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Xzandre Sillas' petition (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge